JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Eric Hu and Jenny Nguyen as co-administrators on behalf of the Estate of Jason Hu

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Steven B. Barrett, Esquire    215-661-0400
Hamburg Rubin Mullin Maxwell & Lupin, PC

## DEFENDANTS

Qatar Airways Group Q.C.S.C. Corporation and Medaire, Inc.

County of Residence of First Listed Defendant   **Dauphin**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☑ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☑ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | |
|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C § 1331 and 28 U.S.C. § 1391

Brief description of cause:
Death over the Atlantic Ocean on Qatar Airways

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  July 14, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

10/2024

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: Over the Atlantic Ocean

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? — Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? — Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? — Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? — Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. — Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief *see certification below*
- ☑ 16. All Other Federal Question Cases. *(Please specify)*: Montreal Convention

B. *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC HU and JENNY NGUYEN                    :
as co-administrators on behalf of the       :
ESTATE OF JASON HU                          :        CIVIL ACTION NO. _____
1925 Limekiln Pike                          :
Dresher, Pennsylvania 19025                 :
        Plaintiffs        :
      vs.                           :        JURY TRIAL DEMANDED
                                           :
QATAR AIRWAYS GROUP Q.C.S.C.                 :
CORPORATION                                 :
c/o Corporation Service Company             :
5235 North Front Street                     :
Harrisburg, Pennsylvania 17110              :
                                           :
  and                                    :
                                           :
MEDAIRE, INC.                               :
c/o Corporation Service Company             :
5235 North Front Street                     :
Harrisburg, Pennsylvania 17110              :
        Defendants     :

## COMPLAINT

Plaintiffs, Eric Hu and Jenny Ngyuen, as co-administrators of the Estate of Jason Hu, by and through their attorneys, Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C., hereby brings the above captioned cause of action and in support thereof, avers the following:

## INTRODUCTION

1.     In this action, Plaintiffs seek recovery of compensatory damages for the death of Jason Hu, which occurred on board an international flight operated by Qatar Airways Group Q.C.S.C. Corporation ("Qatar Airways").

2.     Plaintiffs bring this action pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on November 4, 2003),

reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734 (commonly known as the "Montreal Convention").

## JURISDICTION AND VENUE

3.    This is a civil case arising under a treaty of the United States of America.

4.    The United States of America signed onto the Montreal Convention, which entered into force in the United States on November 4, 2003, and so is a State Party thereunder.

5.    Qatar ratified the Montreal Convention which entered into force in Qatar on January 14, 2005, and so is a State Party thereunder.

6.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and the Montreal Convention, Article 33.

7.    Venue is proper in this district under 28 U.S.C. § 1391(d) in that Qatar Airways is a corporation doing business within this District and has sufficient minimum contacts in this District to render the exercise of jurisdiction by this Court fair and proper as Qatar Airways intentionally avails itself to the markets within the Commonwealth of Pennsylvania through its registration to conduct business and promotion, distribution, and sale of transportation services in this State.

8.    Venue is proper in this district under 28 U.S.C. § 1391(d) in that MedAire, Inc. is a corporation doing business within this District and has sufficient minimum contacts in this District to render the exercise of jurisdiction by this Court fair and proper as MedAire, Inc. intentionally avails itself to the markets within the Commonwealth of Pennsylvania through its registration to conduct business in the State and provision of services to commercial airlines regularly conducting business in the State.

9. Venue is proper in this District under Article 33, § 2 of the Montreal Convention because, at the time of the accident, Jason Hu had his principal and permanent residence in the Commonwealth of Pennsylvania and Qatar Airways operates services for the carriage of passengers by air, either on its own aircraft or on another carrier's aircraft pursuant to a grant of authority from the United States Department of Transportation.

**PARTIES**

10. Plaintiffs, Eric Hu and Jenny Nguyen are adult individuals and citizens of the Commonwealth of Pennsylvania, residing at 1925 Limekiln Pike, Dresher, Pennsylvania 19025.

11. Plaintiffs are co-administrators of decedent, Jason Hu's Estate.

12. At both the filing of this Complaint and at the time of the incident that is the subject of this Complaint, Qatar Airways principal and permanent residence was in Qatar.

13. At the time of the incident that is the subject of this Complaint, the decedent, Jason Hu was sixteen (16) years old and a citizen of the Commonwealth of Pennsylvania, residing at 1925 Limekiln Pike, Dresher, Pennsylvania 19025.

14. Defendant, Qatar Airways regularly conducts business in the Commonwealth of Pennsylvania, with an office for acceptance of service c/o Corporation Service Company, 5235 North Front Street, Harrisburg, Pennsylvania 17110.

15. Qatar Airways is a carrier that operates services for the carriage of passengers by air, to and/or from the United States of America, either on its own aircraft and/or on another carrier's aircraft pursuant to a grant of authority from the United States America Department of Transportation.

16. Qatar Airways specifically advertises to residents of Philadelphia, Pennsylvania and regularly operates flights to and from Philadelphia International Airport.

17.    At all times relevant hereto, the below-referenced flight crew members were acting as agents, apparent agents, servants and/or representatives of Qatar Airways.

18.    At all times relevant hereto, the below-referenced flight crew members were acting within the course and scope of its agency and/or contractual relationship with Qatar Airways.

19.    MedAire, Inc. ("MedAire") is a Nevada corporation with its principal place of business in Arizona, providing medical equipment, training, and real-time telemedical advice to commercial airlines, including Qatar Airways.

20.    Defendant, MedAire regularly conducts business in the Commonwealth of Pennsylvania, with an office for acceptance of service c/o Corporation Service Company, 5235 North Front Street, Harrisburg, Pennsylvania 17110.

21.    At all relevant times hereto, Qatar Airways had a contractual relationship with MedAire for its services for the benefit of the airline's passengers, including Jason Hu.

22.    At all relevant times hereto, MedAire acted as an agent, apparent agent, servant and/or representative of Qatar Airways.

23.    At all times relevant hereto, MedAire was acting within the course and scope of its agency and/or contractual relationship with Qatar Airways.

24.    Qatar Airways and MedAire acted together and in concert to cause a single result to Jason Hu.

## FACTUAL ALLEGATIONS

25.    On or about August 21, 2024, Qatar Airways owned, operated, supervised, controlled, leased and/or staffed a certain aircraft and operated the flight as Qatar Airways Flight QR701 from Doha, Qatar to New York, New York (the "Flight").

26.    At all relevant times material hereto, Qatar Airways employed pilots, co-pilots, flight attendants, employees, flight crew members and/or agents who were responsible for the safe operation of the Flight.

27.    At all relevant times material hereto, Qatar Airways was required to provide passengers with the highest level of safety.

28.    On August 21, 2024, Jason Hu, along with his sister Erica Hu and father Eric Hu ("the Hus") were fare paying passengers on the Flight.

29.    Jason Hu was lawfully aboard the Flight pursuant to a contract of carriage with Qatar Airways, entered into in the United States and subject to the terms of the Montreal Convention.

30.    The Hus were returning to the United States from China under the contract of carriage and flew from China to Doha, Qatar via Qatar Airways immediately prior to the Flight.

31.    Plaintiffs purchased the airline tickets in the state of Pennsylvania.

32.    At all relevant times on or before August 21, 2024, Qatar Airways was responsible for the training, management, supervision and/or control of the flight crew aboard the Flight, including but not limited to, requiring that the flight crew adhere to all applicable safety policies and procedures.

33.    At all relevant times on or before August 21, 2024, Qatar Airways was responsible for the training, management, supervision and/or control of the flight crew aboard the Flight, including, but not limited to, requiring that their employees, servants, agents and/or representatives provide the passenger on board the Flight with the highest level of safety.

34.  At all relevant times on or before August 21, 2024, Qatar Airways was responsible for the training, management, supervision and/or control of the flight crew aboard the Flight regarding how to address medical emergencies.

35.  At all relevant times on or before August 21, 2024, Qatar Airways contracted with Defendant Medaire to provide services relating to in-flight medical emergencies and/or on-board emergency medical equipment.

36.  At all relevant times hereto, Jason Hu suffered from food allergies to peanuts, dairy products, and fish.

37.  During the Flight, prior to its scheduled landing, the flight crew was distributing food products to passengers, specifically including a type of sandwich.

38.  Both Eric Hu and the Jason Hu communicated to the flight crew member(s) that Jason suffered from allergies to peanuts, dairy, and fish.

39.  The flight crew member(s) were obligated to ensure that the food product was safe for Jason to eat and advised the Hus that the food offered was suitable for Jason.

40.  Immediately after eating the food product, Jason began experiencing breathing issues and thereafter collapsed due to his inability to breathe.

41.  Prior to his collapse, Jason self-administered his nebulizer in an attempt to regain his breathing, which failed to provide any relief.

42.  Additionally, a flight crew member administered an unknown injection to Jason, which also failed to provide any relief.

43.  The flight crew produced a portable oxygen tank to administer, which was not operational and/or did not work.

44. Upon information and belief, the oxygen tank was provided by Defendant, MedAire.

45. Thereafter, Jason was believed to be deceased and remained laid out behind his father and sister for the remainder of the Flight, with a non-operational oxygen mask remaining on his face.

46. Upon information and belief, the flight crew contacted and/or communicated with MedAire during the Flight for the purpose of addressing Jason Hu's condition.

47. MedAire notified the destination airport of Jason Hu's in-flight medical emergency and condition and coordinated with local emergency services for services upon arrival of the Qatar Airways Flight.

48. Jason was officially pronounced dead on arrival at John F. Kennedy International Airport.

49. As a result of this incident, Jason Hu suffered death.

## COUNT I
## STRICT LIABILITY UNDER ARTICLE 21 FOR DAMAGES
### Plaintiff v. Qatar Airways Group Q.C.S.C. Corporation

50. Plaintiff incorporates by reference the preceding paragraphs as though they were fully set forth at length herein.

51. Pursuant to Articles 17(1) and 21 of the Montreal Convention, Defendant Qatar Airways is strictly liable for all damages resulting from the death of a passenger caused by an "accident" taking place on board the aircraft.

52. The death of Jason Hu resulted from an "accident" within the meaning of Article 17, characterized by external, unexpected, and unusual events, including the affirmative

misrepresentation of food safety and the deployment of non-operational emergency medical equipment.

53.    Qatar Airways is strictly liable for these damages up to the applicable Special Drawing Rights (SDR) limit, as determined by the Montreal Convention, regardless of fault.

54.    The damages sustained by the Plaintiffs and the Estate significantly exceed the applicable strict liability SDR limit.

WHEREFORE, Plaintiffs demand judgment against Qatar Airways for all damages allowed under the Montreal Convention and DOHSA up to the applicable SDR strict liability limit, plus interest and costs.

### COUNT II
### LIABILITY UNDER THE MONTREAL CONVENTION FOR DAMAGES EXCEEDING THE APPLICABLE STRICT LIABILITY LIMIT
**Plaintiff v. Qatar Airways Group Q.C.S.C. Corporation**

55.    Plaintiff incorporates by reference the preceding paragraphs as though they were fully set forth at length herein.

56.    Pursuant to Articles 21 and 24 of the Montreal Convention, Qatar Airways is liable for damages in excess of the applicable SDR strict liability limit with respect to passenger injury sustained on an aircraft as a result of an accident during international air travel within the meaning of Article 17(1) of the Montreal Convention, unless it can prove that the injury was not due to their negligence or other wrongful act or omission.

57.    Jason's death resulted from a series of external acts and/or omissions which constitute an accident pursuant to Article 17 of the Montreal Convention, including:

   a. The affirmative misrepresentation and specific assurance by the flight crew member that the food product was safe for Jason to consume, which directly induced Jason to consume the allergen;

    b.   The presence of non-operational safety equipment which exacerbated Jason's condition and prevented life-saving intervention;

    c.   The inadequate medical response or advisement concerning medical treatment and/or emergency flight diversion, despite the failure of on-board medical equipment.

58.    Defendant Qatar Airways, itself and by an through its agents, servants, workmen, and/or employees, were negligent and/or careless by:

    a.   Failing to ensure that the equipment, including but not limited to the portable oxygen tank and/or EpiPen, aboard the aircraft on the Flight were operational and/or functional;

    b.   Failing to provide a functional and operational portable oxygen tank during an acute medical emergency;

    c.   Failing to make reasonable inspection of the portable oxygen tank and associated mechanisms, which would have revealed that it was not operational and/or not functioning properly;

    d.   Failing to properly maintain the portable oxygen tank aboard the aircraft used for the Flight;

    e.   Failing to adequately train agents, employees, servants and/or workmen to operate in-flight emergency medical equipment, including but not limited to the portable oxygen tank and/or EpiPen;

    f.   Failing to adequately train agents, employees, servants and/or workmen relating to responding to in-flight medical emergencies;

g.  Failing to adequately train agents, employees, servants and/or workmen relating to passenger safety and food allergen notifications;

h.  Failing to give warning of the allergens contained in the food products distributed on the Flight;

i.  Failing to formulate, adopt and enforce adequate rules, procedures and policies to ensure that in-flight medical equipment was properly and safely operated;

j.  Failing to formulate, adopt and enforce adequate rules, procedures and policies to ensure that in-flight medical equipment was properly functioning;

k.  Failing to formulate, adopt and enforce adequate rules, procedures and policies to ensure passenger safety in-flight relating to food allergy;

l.  Failing to provide a safe meal after a specific request and notification of a food allergy;

m.  Failing to following established emergency protocols, including the failure to divert the aircraft or adequately utilize available medical service providers despite Jason's clear distress and eventual collapse.

59.     Qatar Airways' negligence caused and/or contributed to the accident which resulted in the death of Jason Hu.

60.     Jason Hu's death as set forth herein was not in any way due to his and/or his parents' fault.

61.     Qatar Airways cannot meet its burden of proving that the injuries suffered by Jason Hu were (1) not due to the negligence or other wrongful act or omission of Qatar Airways or its servants or agents; or (2) were caused solely by the acts of third parties.

62.     The aforementioned negligence and carelessness of Defendant Qatar Airways was a direct, proximate and substantial cause of Jason Hu's injuries and damages, independent of any pre-existing sensitives.

63.     By reasoned set forth hereinabove, Jason Hu has sustained compensatory damages for which Qatar Airways is liable to the Estate of Jason Hu in excess of the applicable strict liability SDR limit, in a specific amount to be determined at the trial of this action.

**WHERERFORE,** Plaintiffs, on behalf of the Estate of Jason Hu, demand judgment against Qatar Airways for damages in excess of the applicable strict liability SDR limit, exclusive of interest, costs and attorney's fees and such other relief as this Court deems just and proper.

## COUNT III
## LIABILTY UNDER THE DEATH ON THE HIGH SEAS ACT
### Plaintiff v. Qatar Airways Group Q.C.S.C.

64.     Plaintiff incorporates by reference the preceding paragraphs as though they were fully set forth at length herein.

65.     Because this accident occurred over the high seas, the nature and extent of recoverable damages are governed by the Death on the High Seas Act (DOHSA), 46 U.S.C. § 30301 et seq.

66.     Pursuant to 46 U.S.C. § 30307, Defendant Qatar Airways is strictly liable to the Plaintiffs for both pecuniary and non-pecuniary damages, including but not limited to:

    a.     Loss of Care, Comfort, and Companionship sustained by his surviving parents and sister;

    b.     Conscious Pain and Suffering (Survival Action) experienced by Jason Hu prior to his death;

    c.     Loss of Support and Services that Jason Hu would have provided to his family; and

d.    Loss of Future Earnings and estate accumulation.

67.    Jason Hu sustained death as a result of the acts and/or omissions set out hereinabove. Plaintiffs, on behalf of the Estate of Jason Hu, seek damages under all categories allowed by the Death on the High Seas Act. His damages include physical injuries, physical pain and suffering, mental anguish, death, and expenses and all aspects and categories of damages otherwise set out in discovery.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant, Qatar Airways Group Q.C.S.C., in an amount exceeding the statutory limits of arbitration.

## COUNT IV
## VICARIOUS LIABILITY
### Plaintiff v. Qatar Airways Group, Q.C.S.C.

68.    Plaintiff incorporates by reference the preceding paragraphs as though they were fully set forth at length herein.

69.    At all times relevant hereto, the Qatar Airways flight attendants, which ensured that the food was safe for Jason to consume ("Jane Doe Flight Attendant"), was an employee and/or servant of Qatar Airways, or was the apparent and/or ostensible agent held out by Qatar Airways as such.

70.    At all times relevant hereto, Jane Doe Flight Attendant was acting in the scope of their/her real or apparent agency on behalf of Qatar Airways.

71.    Defendant Qatar Airways, as principal for Jane Doe Flight Attendant, is vicariously liable for their/her actions and commissions or omissions while Jason Hu was aboard the Flight.

72.    As a direct and proximate result of the aforementioned negligence, Jason Hu suffered compensable damages as more fully set forth herein.

73.     Jason Hu sustained death as a result of the acts and/or omissions set out hereinabove. Plaintiffs, on behalf of the Estate of Jason Hu, seek damages under all categories allowed by the Montreal Convention. His damages include physical injuries, physical pain and suffering, mental anguish, death, and expenses and all aspects and categories of damages otherwise set out in discovery.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant Qatar Airways Group, Q.C.S.C., in an amount exceeding the statutory limits of arbitration.

**COUNT V**
**STRICT LIABILITY UNDER ARTICLE 21 FOR DAMAGES**
**Plaintiff v. MedAire Inc.**

74.     Plaintiff incorporates by reference the preceding paragraphs as though they were fully set forth at length herein.

75.     At all relevant times, Defendant MedAire acted as an agent, servant, and/or "appropriate entity" providing essential flight services for Qatar Airways.

76.     Pursuant to Article 30 of the Montreal Convention, an agent or servant of the carrier acting within the scope of their employment is entitled to the same conditions and limits of liability as the carrier itself.

77.     Consequently, MedAire is strictly liable under Article 21 of the Montreal Convention for the "accident" that resulted in Jason Hu's death.

78.     As this death occurred over the high seas, MedAire's liability for damages is similarly governed by 46 U.S.C. § 30307, permitting the recovery of non-pecuniary damages for loss of care, comfort, and companionship.

79.     MedAire is strictly liable for the conscious pain and suffering of the decedent and the pecuniary losses of the surviving beneficiaries resulting from MedAire's failure to provide operational medical equipment and competent medical oversight.

80.     MedAire's liability is joint and several with Qatar Airways up to the applicable SDR strict liability limit.

WHEREFORE, Plaintiffs demand judgment against MedAire, Inc. for all damages allowed under the Montreal Convention and DOHSA up to the applicable SDR strict liability limit, plus interest and costs.

## COUNT VI
## LIABILITY UNDER THE MONTREAL CONVENTION FOR DAMAGES
### Plaintiff v. MedAire, Inc.

81.     Plaintiff incorporates by reference the preceding paragraphs as though they were fully set forth at length herein.

82.     Pursuant to Articles 21 and 30 of the Montreal Convention, MedAire, acting as an agent of Qatar Airways, is liable for damages in excess of the applicable SDR strict liability limit with respect to passenger injury sustained on an aircraft as a result of an accident during international air travel within the meaning of Article 17(1) of the Montreal Convention, unless it can prove that the injury was not due to their negligence or other wrongful act or omission.

83.     Jason's death resulted from a series of external acts and/or omissions which constitute an accident pursuant to Article 17 of the Montreal Convention, including:

   a. The affirmative misrepresentation and specific assurance by the flight crew member that the food product was safe for Jason to consume, which directly induced Jason to consume the allergen;

b. The presence of non-operational safety equipment which exacerbated Jason's condition and prevented life-saving intervention;

c. The inadequate medical response or advisement concerning medical treatment and/or emergency flight diversion, despite the failure of on-board medical equipment.

84. Defendant MedAire, itself and by and through its agents, servants, workmen, and/or employees were negligent and/or careless by:

a. Failing to ensure that the equipment, including but not limited to the portable oxygen tank and/or EpiPen, aboard the aircraft on the Flight were operational and/or functional;

b. Failing to provide a functional and operational portable oxygen tank and/or EpiPen during an acute medical emergency;

c. Failing to make reasonable inspection of the portable oxygen tank and associated mechanisms, which would have revealed that it was not operational and/or not functioning properly;

d. Failing to properly maintain the portable oxygen tank aboard the aircraft used for the Flight;

e. Failing to adequately train agents, employees, servants and/or workmen to operate in-flight emergency medical equipment, including but not limited to the portable oxygen tank;

f. Failing to adequately train agents, employees, servants and/or workmen relating to responding to in-flight medical emergencies;

g.  Failing to adequately train agents, employees, servants and/or workmen relating to passenger safety and food allergen notifications;

h.  Failing to give warning of the allergens contained in the food products distributed on the Flight;

i.  Failing to formulate, adopt and enforce adequate rules, procedures and policies to ensure that in-flight medical equipment was properly and safely operated;

j.  Failing to formulate, adopt and enforce adequate rules, procedures and policies to ensure that in-flight medical equipment was properly functioning;

k.  Failing to formulate, adopt and enforce adequate rules, procedures and policies to ensure passenger safety in-flight relating to food allergy;

l.  Failing to provide adequate training to airline employees regarding food allergens and/or in-flight medical emergencies;

m.  Failing to follow established emergency protocols, including the failure to adequately consult with the flight crew and/or provide recommendations for medical diversion.

85.  MedAire's negligence caused and/or contributed to the accident which resulted in the death of Jason Hu.

86.  Jason Hu's death as set forth herein was not in any way due to his and/or his parents' fault.

87.  MedAire cannot meet its burden of proving that the injuries suffered by Jason Hu were (1) not due to its negligence or other wrongful act or omission; or (2) were caused solely by the acts of third parties.

88.     The aforementioned negligence and carelessness of Defendant MedAire was a direct, proximate and substantial cause of Jason Hu's injuries and damages, independent of any pre-existing sensitives.

89.     In addition, MedAire may have employed or contracted with and acted through agents and/or employees for which MedAire and other Defendant are likewise liable.

90.     Jason Hu sustained death as a result of the acts and/or omissions set out hereinabove. Plaintiffs, on behalf of the Estate of Jason Hu, seek damages under all categories allowed by the Montreal Convention. His damages include physical injuries, physical pain and suffering, mental anguish, death, and expenses and all aspects and categories of damages otherwise set out in discovery.

91.     By reasoned set forth hereinabove, Jason Hu has sustained compensatory damages for which MedAire is liable to the Estate of Jason Hu in excess of the applicable SDR strict liability limit, in a specific amount to be determined at the trial of this action.

**WHERERFORE,** Plaintiffs, on behalf of the Estate of Jason Hu, demand judgment against MedAire for damages in excess is liable for damages in excess of the applicable SDR strict liability limit, exclusive of interest, costs and attorney's fees and such other relief as this Court deems just and proper.

**COUNT VII**
**LIABILTY UNDER THE DEATH ON THE HIGH SEAS ACT**
**Plaintiff v. MedAire Inc.**

92.     Plaintiff incorporates by reference the preceding paragraphs as though they were fully set forth at length herein.

93.     Because this accident occurred over the high seas, the nature and extent of recoverable damages are governed by the Death on the High Seas Act (DOHSA), 46 U.S.C. § 30301 et seq.

94.     Pursuant to 46 U.S.C. § 30307, Defendant MedAire, Inc., is strictly liable to the Plaintiffs for both pecuniary and non-pecuniary damages, including but not limited to:

a.     Loss of Care, Comfort, and Companionship sustained by his surviving parents and sister;

b.     Conscious Pain and Suffering (Survival Action) experienced by Jason Hu prior to his death;

c.     Loss of Support and Services that Jason Hu would have provided to his family; and

d.     Loss of Future Earnings and estate accumulation.

95.     Jason Hu sustained death as a result of the acts and/or omissions set out hereinabove. Plaintiffs, on behalf of the Estate of Jason Hu, seek damages under all categories allowed by the Death on the High Seas Act. His damages include physical injuries, physical pain and suffering, mental anguish, death, and expenses and all aspects and categories of damages otherwise set out in discovery.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant, MedAire, Inc., in an amount exceeding the statutory limits of arbitration.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all these issues.

Respectfully submitted,

By:     */s/ Steven B. Barrett*
Steven B. Barrett
Attorney ID No.: 65857
sbarrett@hrmml.com

Gabriela A. Amado
Attorney ID No.: 335848
gamado@hrmml.com
HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN, P.C.
1684 S. Broad Street, Suite 230
P.O. Box 1479
Lansdale, PA 19446
Tel: (215) 661-0400
***Attorneys for Plaintiffs***

Date: July 14, 2026