**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERIC HU and JENNY NGUYEN as co-administrators on behalf of the ESTATE OF JASON HU, Plaintiffs, vs. QATAR AIRWAYS COMPANY Q.C.S.C. CORPORATION and MEDAIRE, INC., Defendants. | CIVIL ACTION NO. 2:26-cv-04882-CFK |

**<u>DEFENDANT QATAR AIRWAYS GROUP, Q.C.S.C.'S ANSWER TO PLAINTIFFS' COMPLAINT</u>**

Defendant Qatar Airways Group, Q.C.S.C. (sued as Qatar Airways Company Q.C.S.C. Corporation and hereinafter "Qatar Airways"), by its attorneys, Kaufman Dolowich LLP answers Plaintiffs' Complaint and Jury Trial Demand ("Complaint") as follows:

## AS TO THE INTRODUCTION

1. The allegations set forth in paragraph 1 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 1 of the Complaint and leaves all questions of law for the Court.

2. The allegations set forth in paragraph 2 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar

Airways denies the allegations set forth in paragraph 2 of the Complaint and leaves all questions of law for the Court.

**AS TO JURISDICTION AND VENUE**

3. The allegations set forth in paragraph 3 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 3 of the Complaint and leaves all questions of law for the Court.

4. The allegations set forth in paragraph 4 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 4 of the Complaint and leaves all questions of law for the Court.

5. The allegations set forth in paragraph 5 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 5 of the Complaint and leaves all questions of law for the Court.

6. The allegations set forth in paragraph 6 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 6 of the Complaint and leaves all questions of law for the Court.

7. The allegations set forth in paragraph 7 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 7 of the Complaint and leaves all questions of law for the Court.

8. The allegations set forth in paragraph 8 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. The allegations set forth in paragraph 9 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 9 of the Complaint and leaves all questions of law for the Court.

## **PARTIES**

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. The allegations set forth in paragraph 11 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and leaves all questions of law for the Court.

12. Denies the allegations set forth in paragraph 12 of the Complaint except admits that Qatar Airways is organized and existing under the laws of the State of Qatar and maintains its principal place of business in Doha, Qatar, and leaves all questions of law for the Court.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Denies the allegations set forth in paragraph 14 of the Complaint except admits that Qatar Airways is a foreign air carrier duly certificated by the U.S. Department of Transportation, is engaged in the international carriage of passengers, baggage and cargo, operates regularly

scheduled flights to and from Philadelphia International Airport, has a registered agent at Corporation Service Company in Harrisburg, Pennsylvania and leaves all questions of law for the Court.

15. Denies the allegations set forth in paragraph 15 of the Complaint except admits that Qatar Airways is an air carrier duly certificated by the U.S. Department of Transportation and is engaged in the international carriage of passengers, baggage and cargo to and from the United States of America and leaves all questions of law for the Court.

16. Denies the allegations set forth in paragraph 16 of the Complaint except admits that Qatar Airways operates regularly scheduled flights to and from Philadelphia International Airport and leaves all questions of law for the Court.

17. The allegations set forth in paragraph 17 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 17 of the Complaint and leaves all questions of law for the Court.

18. The allegations set forth in paragraph 18 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 18 of the Complaint and leaves all questions of law for the Court.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint except admits that Qatar Airways entered into a contract with MedAire whereby MedAire agreed to provide to Qatar Airways ground-based medical services.

22. Denies the allegations set forth in paragraph 22 of the Complaint.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

**AS TO FACTUAL ALLEGATIONS**

25. Denies the allegations set forth in paragraph 25 except admits that Qatar Airways operated the flight QR701 with service from Doha, Qatar to New York, New York on August 21, 2024.

26. Denies the allegations set forth in paragraph 26 of the Complaint except admits that Qatar Airways employed flight crew members assigned to flight QR701 and trained the QR701 flight crew in compliance with applicable law, industry standards, and policies and procedures and leaves all questions of law for the Court.

27. The allegations set forth in paragraph 27 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 27 of the Complaint except admits that Qatar Airways employed the flight QR701 flight crew and the QR701 flight crew were trained in compliance with applicable law, industry standards, and policies and procedures and leaves all questions of law for the Court.

28. Denies the allegations set forth in paragraph 28 of the Complaint except admits that individuals by the names of Jason Hu, Erica Hu and Eric Hu were scheduled to travel on board

Qatar Airways flight QR701 with service from Doha, Qatar to New York, New York on August 21, 2024.

29. The allegations set forth in paragraph 29 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 29 of the Complaint except admits that an individual by the name of Jason Hu was scheduled to travel on board Qatar Airways flight QR701 pursuant to a contract of carriage with Qatar Airways and leaves all questions of law for the Court.

30. Denies the allegations set forth in paragraph 30 of the Complaint except admits that individuals by the names of Jason Hu, Erica Hu and Eric Hu were scheduled to travel roundtrip JFK with agreed stopping points in DOH and Guangzhou, People's Republic of China (CAN) from July 17, 2024, to August 21, 2024.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Denies the allegations set forth in paragraph 32 of the Complaint except admits that Qatar Airways employed the flight QR701 flight crew and the QR701 flight crew were trained in compliance with applicable law, industry standards, and policies and procedures and leaves all questions of law for the Court.

33. Denies the allegations set forth in paragraph 33 of the Complaint except admits that Qatar Airways employed the flight QR701 flight crew and the QR701 flight crew were trained in compliance with applicable law, industry standards, and policies and procedures and leaves all questions of law for the Court.

34. Denies the allegations set forth in paragraph 34 of the Complaint except admits that Qatar Airways employed the flight QR701 flight crew and the QR701 flight crew were trained in

compliance with applicable law, industry standards, and policies and procedures and leaves all questions of law for the Court.

35. Denies the allegations set forth in paragraph 21 of the Complaint except admits that Qatar Airways entered into a contract with MedAire whereby MedAire agreed to provide to Qatar Airways ground-based medical services.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37. Denies the allegations set forth in paragraph 37 of the Complaint.

38. Denies the allegations set forth in paragraph 38 of the Complaint.

39. Denies the allegations set forth in paragraph 39 of the Complaint.

40. Denies the allegations set forth in paragraph 40 of the Complaint.

41. Denies the allegations set forth in paragraph 41 of the Complaint.

42. Denies the allegations set forth in paragraph 42 of the Complaint.

43. Denies the allegations set forth in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45. Denies the allegations set forth in paragraph 45 of the Complaint.

46. Admits the allegations set forth in paragraph 46 of the Complaint.

47. Denies the allegations set forth in paragraph 47 of the Complaint except admits that Medaire and Qatar Airways requested and coordinated for emergency services to be present on arrival of Qatar Airways Flight QR701 at JFK.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

49. Denies the allegations set forth in paragraph 49 of the Complaint.

**AS TO COUNT I**
**STRICT LIABILITY UNDER ARTICLE 21 FOR DAMAGES**

50. Answering paragraph 50 of the Complaint, Qatar Airways repeats, reiterates and realleges each and every response set forth in paragraphs 1 through 49 of this Answer as if set forth in full herein.

51. The allegations set forth in paragraph 51 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 51 of the Complaint and leaves all questions of law for the Court.

52. Denies the allegations set forth in paragraph 52 of the Complaint and leaves all questions of law for the Court.

53. Denies the allegations set forth in paragraph 53 of the Complaint and leaves all questions of law for the Court.

54. Denies the allegations set forth in paragraph 54 of the Complaint and leaves all questions of law for the Court.

**COUNT II**

**LIABILITY UNDER THE MONTREAL CONVENTION FOR DAMAGES EXCEEDING THE APPLICABLE STRICT LIABILITY LIMIT**

55. Answering paragraph 55 of the Complaint, Qatar Airways repeats, reiterates and realleges each and every response set forth in paragraphs 1 through 54 of this Answer as if set forth in full herein.

56. The allegations set forth in paragraph 56 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar

Airways denies the allegations set forth in paragraph 56 of the Complaint and leaves all questions of law for the Court.

57. Denies the allegations set forth in paragraph 57 and subparts (a) through (c) of the Complaint and leaves all questions of law for the Court.

58. Denies the allegations set forth in paragraph 58 and subparts (a) through (m) of the Complaint and leaves all questions of law for the Court.

59. Denies the allegations set forth in paragraph 59 of the Complaint and leaves all questions of law for the Court.

60. Denies the allegations set forth in paragraph 60 of the Complaint and leaves all questions of law for the Court.

61. Denies the allegations set forth in paragraph 61 of the Complaint and leaves all questions of law for the Court.

62. Denies the allegations set forth in paragraph 62 of the Complaint and leaves all questions of law for the Court.

63. Denies the allegations set forth in paragraph 63 of the Complaint and leaves all questions of law for the Court.

**COUNT III**
**LIABILITY UNDER THE DEATH ON THE HIGH SEAS ACT**

64. Answering paragraph 64 of the Complaint, Qatar Airways repeats, reiterates and realleges each and every response set forth in paragraphs 1 through 63 of this Answer as if set forth in full herein.

65. The allegations set forth in paragraph 65 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar

Airways denies the allegations set forth in paragraph 65 of the Complaint and leaves all questions of law for the Court.

66. Denies the allegations set forth in paragraph 66 and subsections (a) through (d) of the Complaint and leaves all questions of law for the Court.

67. Denies the allegations set forth in paragraph 67 of the Complaint and leaves all questions of law for the Court.

## COUNT IV
## VICARIOUS LIABILITY

68. Answering paragraph 68 of the Complaint, Qatar Airways repeats, reiterates and realleges each and every response set forth in paragraphs 1 through 67 of this Answer as if set forth in full herein.

69. Denies the allegations set forth in paragraph 69 of the Complaint and leaves all questions of law for the Court.

70. The allegations set forth in paragraph 70 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 70 of the Complaint and leaves all questions of law for the Court.

71. The allegations set forth in paragraph 71 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 71 of the Complaint and leaves all questions of law for the Court.

72. Denies the allegations set forth in paragraph 72 of the Complaint and leaves all questions of law for the Court.

73. Denies the allegations set forth in paragraph 73 of the Complaint and leaves all questions of law for the Court.

**COUNT V**
**STRICT LIABILITY UNDER ARTICLE 21 FOR DAMAGES**

74. Answering paragraph 74 of the Complaint, Qatar Airways repeats, reiterates and realleges each and every response set forth in paragraphs 1 through 73 of this Answer as if set forth in full herein.

75. The allegations set forth in paragraph 75 of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 75 of the Complaint.

76. The allegations set forth in paragraph 76 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 76 of the Complaint and leaves all questions of law for the Court.

77. The allegations set forth in paragraph 77 of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 77 of the Complaint.

78. The allegations set forth in paragraph 78 of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 78 of the Complaint.

79. The allegations set forth in paragraph 79 of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 79 of the Complaint.

80. The allegations set forth in paragraph 80 of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 80 of the Complaint.

**COUNT VI**
**LIABILITY UNDER THE MONTREAL CONVENTION FOR DAMAGES**

81. Answering paragraph 81 of the Complaint, Qatar Airways repeats, reiterates and realleges each and every response set forth in paragraphs 1 through 80 of this Answer as if set forth in full herein.

82. The allegations set forth in paragraph 82 of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 82 of the Complaint and leaves all questions of law for the Court.

83. The allegations set forth in paragraph 83 and subsections (a) through (c) of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 83 of the Complaint and leaves all questions of law for the Court.

84. The allegations set forth in paragraph 84 and subsections (a) through (m) of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 84 of the Complaint and leaves all questions of law for the Court.

85. The allegations set forth in paragraph 85 of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 85 of the Complaint and leaves all questions of law for the Court.

86. The allegations set forth in paragraph 86 of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 86 of the Complaint and leaves all questions of law for the Court.

87. The allegations set forth in paragraph 87 of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 87 of the Complaint.

88. The allegations set forth in paragraph 88 of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 88 of the Complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint to the extent the allegations are directed to entities other than Qatar Airways. To the extent the allegations set forth in paragraph 89 of the Complaint are directed towards Qatar Airways, Qatar Airways denies the allegations set forth in paragraph 89 of the Complaint and leaves all questions of law for the Court.

90. The allegations set forth in paragraph 90 of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 90 of the Complaint and leaves all questions of law for the Court.

91. The allegations set forth in paragraph 91 of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 91 of the Complaint and leaves all questions of law for the Court.

**COUNT VII**
**LIABILITY UNDER THE DEATH ON THE HIGH SEAS ACT**

92. Answering paragraph 92 of the Complaint, Qatar Airways repeats, reiterates and realleges each and every response set forth in paragraphs 1 through 91 of this Answer as if set forth in full herein.

93. The allegations set forth in paragraph 93 of the Complaint are solely legal in nature and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 93 of the Complaint and leaves all questions of law for the Court.

94. The allegations set forth in paragraph 94 and subsections (a) through (d) of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 94 and subsections (a) through (d) of the Complaint and leaves all questions of law for the Court.

95. The allegations set forth in paragraph 95 of the Complaint are not directed toward Qatar Airways and, as such, Qatar Airways makes no response thereto. To the extent a response is required, Qatar Airways denies the allegations set forth in paragraph 95 of the Complaint and leaves all questions of law for the Court.

**AS AND FOR A FIRST**
**AFFIRMATIVE DEFENSE**

1. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

2. Qatar Airways performed all of the terms and conditions of the contracts between the parties, if any, which were to be performed by Qatar Airways, in accordance with such terms and conditions of carriage.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

3. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention"), and the rights of the parties are governed exclusively by the provisions of the said Montreal Convention.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

4. Pursuant to the Montreal Convention, Qatar Airways' tariffs and conditions of carriage as set forth in the relevant contract of carriage, and/or other applicable law, Qatar Airways is not liable to Plaintiff for the loss or damage described in the Complaint, or its liability, if any, is limited.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

5. Qatar Airways is not liable for Plaintiffs' alleged damages because Plaintiffs' alleged damages were not caused by an "accident" within the meaning of Article 17.1 of the Montreal Convention.

**AS AND FOR A SIXTH**
**AFFIRMATIVE DEFENSE**

6. Pursuant to Article 20 of the Montreal Convention, Qatar Airways is wholly or partly exonerated from liability for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence of Decedent and/or Plaintiffs.

**AS AND FOR A SEVENTH**
**AFFIRMATIVE DEFENSE**

7. To the extent that the claims of Plaintiffs exceed the amount of 128,821 SDRs, Qatar Airways is not liable to Plaintiffs pursuant to Article 21 of the Montreal Convention because such damage was not due to the negligence or other wrongful act or omission of Qatar Airways or its servants or agents, or such damage solely was due to the negligence or other wrongful act or omission of a third party.

**AS AND FOR AN EIGHTH**
**AFFIRMATIVE DEFENSE**

8. The alleged damages complained of were caused or contributed to by the negligence or culpable conduct of parties other than Qatar Airways, and Qatar Airways is, therefore, not liable to Plaintiffs, or alternatively, the amount of damages recoverable by Plaintiffs must be diminished in the proportion to which the negligence or culpable conduct attributable to parties other than Qatar Airways bears to the negligence or culpable conduct which caused the damage.

**AS AND FOR A NINTH**
**AFFIRMATIVE DEFENSE**

9. Plaintiffs' damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by Qatar Airways, or any person or entity for whom Qatar Airways is responsible.

**AS AND FOR A TENTH**
**AFFIRMATIVE DEFENSE**

10. Qatar Airways asserts that Plaintiffs failed to mitigate their damages, if any. Accordingly, Plaintiffs are barred in whole or in part from recovery.

**AS AND FOR AN ELEVENTH**
**AFFIRMATIVE DEFENSE**

11. Qatar Airways asserts that if it is liable to Plaintiffs, which liability Qatar Airways expressly denies, then Qatar Airways is entitled to a set-off for all settlement/benefits received by Plaintiffs.

**AS AND FOR A TWELFTH**
**AFFIRMATIVE DEFENSE**

12. To the extent the Complaint can be read to assert state law claims against Qatar Airways, they are pre-empted by the Montreal Convention and/or federal law, including the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 *et seq.* now recodified and incorporated into 49 U.S.C. §40101 *et seq.*), and 49 U.S.C. §41713, and the Death on the High Seas Act, 46 U.S.C. §§ 30301, et seq.

**AS AND FOR A THIRTEENTH**
**AFFIRMATIVE DEFENSE**

13. Plaintiffs lack standing to bring forth any claims asserted in the Complaint.

**AS AND FOR A FOURTEENTH**
**AFFIRMATIVE DEFENSE**

14. This action must be dismissed pursuant to the doctrine of *forum non conveniens*.

**AS AND FOR A FIFTEENTH**
**AFFIRMATIVE DEFENSE**

15. Qatar Airways is a "foreign state" as that term is defined in 28 U.S.C. § 1603 and, therefore, is entitled to all the rights, privileges, protections and defenses afforded by the Foreign Sovereign Immunities Act of 1976 ("FSIA"), Pub. L. 94-853, 90 Stat. 2891 *codified at* 28 U.S.C. §§ 1330, 1332, 1391 (f), 1441 (d) and 1602-1611 and the federal statutes enacted pursuant to the FSIA, including the right to a bench trial. Qatar Airways does not demand a trial by jury and elects its entitlement and right to a bench trial.

**AS AND FOR A SIXTEENTH**
**AFFIRMATIVE DEFENSE**

16. Plaintiff's recovery is limited to the pecuniary losses specified under the Death on the High Seas Act, 46 U.S.C. §§ 30301 et seq.

**AS AND FOR A SEVENTEENTH**
**AFFIRMATIVE DEFENSE**

17. Qatar Airways expressly preserves and does not knowingly or intentionally waive any of the affirmative defenses set forth in Fed. R. Civ. P. 8(c), which discovery may reveal to be applicable, or any other matter constituting an avoidance or affirmative defense. Qatar Airways reserves its right to amend its Answer and Affirmative Defenses, as appropriate based on additional investigation.

**NOTICE OF APPLICABILITY OF FOREIGN LAW**

18. Pursuant to Fed. R. Civ. P. 44.1, Qatar Airways hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

WHEREFORE, Qatar Airways demands judgment dismissing the Complaint in its entirety, together with attorneys' fees, costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: September 22, 2026

Respectfully submitted,

**KAUFMAN DOLOWICH LLP**

By: /s/ Monica M. Littman

RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kaufmandolowich.com
mlittman@kaufmandolowich.com

Andrew J. Harakas (pro hac vice to be filed)
Stephanie M. Revilla (pro hac vice to be filed)
Clyde & Co US LLP
2 Grand Central Tower
140 East 45th Street, 26th Floor
New York, New York 10017
Telephone: (212) 710-3900
Facsimile: (212) 710-3950
andrew.harakas@clydeco.us
stephanie.revilla@clydeco.us

Attorneys for Defendant
Qatar Airways Group Q.C.S.C.

**CERTIFICATE OF SERVICE**

I, MONICA M. LITTMAN, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system on the following:

Steven B. Barrett, Esquire
Gabriela A. Amado, Esquire
Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C.
1684 South Broad Street, Suite 230
P.O. Box 1479
Lansdale, PA 19446
sbarrett@hrmml.com
gamado@hrmml.com
Attorneys for Plaintiffs

Joseph I. Fontak, Esquire
Leader Berkon Colao & Silverstein LLP
1515 Market St., Ste. 1200
Philadelphia, PA 19102
jfontak@leaderberkon.com
Attorney for Defendant Medaire, Inc.

/s/ Monica M. Littman
MONICA M. LITTMAN, ESQUIRE

Dated: September 22, 2026